UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO MANUEL ZAPATA JARAMILLO,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-06071 DC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). As discussed below, the court recommends that the petition be dismissed as moot.

I. Factual and Procedural Background

Petitioner is a native and citizen of Peru who entered the United States in December 2021 without inspection near Hidalgo, Texas. ECF No. 8-1. He was apprehended by ICE officials and processed for expedited removal, but was subsequently released from ICE custody based on risk factors related to COVID-19. On July 24, 2026, petitioner reported to ICE's San Francisco Field

Office for a credible fear interview with an asylum officer, who made a negative credible fear determination. ECF No. 8-3. Petitioner did not request review by an immigration judge, and he was ordered removed. Id. at 2.

On August 3, 2026, petitioner filed a petition for writ of habeas corpus challenging his immigration detention (ECF No. 1), along with a motion for temporary restraining order seeking his immediate release (ECF No. 2). On August 4, 2026, the Honorable Dena M. Coggins ordered respondents to file a response to petitioner's motion for temporary restraining order by 12:00 p.m. on August 6, 2026. In their response, respondents were directed to indicate whether petitioner had previously been released from immigration custody and to substantively address whether there are any factual or legal issues in this case that materially distinguish it from several of the court's past decisions. ECF No. 7. Petitioner was directed to file an optional reply, if any, by August 20, 2026. Id.

Respondents filed an opposition to the motion for temporary restraining order on August 6, 2026, advising the court that petitioner was mandatorily detained pursuant to U.S.C. § 1225(b)(1)(B) until his removal following the negative credible fear determination. ECF No. 8 at 2. At the time, respondents advised the court that "ERO is ready to proceed with removal" and that "[p]etitioner was transferred to Florence Staging Facility on August 3, 2026." Id. at 1. As petitioner had been detained less than one month, respondents argued further that petitioner was not entitled to habeas relief based on his substantive or procedural due process claims. Id. at 3-5. Respondents also attached petitioner's record of negative credible fear finding, which confirmed that petitioner had waived his right to have an immigration judge review that determination. ECF No. 8-3. Petitioner did not file a reply.

On August 24, 2026, Judge Coggins denied petitioner's motion for a temporary restraining order, finding that petitioner had not demonstrated a likelihood of success on the merits of his claim that his present detention violated his constitutional or statutory rights. ECF No. 9. Specifically, Judge Coggins found that respondents had demonstrated petitioner was subject to a final order of removal as well as mandatory immigration detention pursuant to 8 U.S.C. § 1231(a)(2). Id. In addition, as petitioner had been detained for under a month, Judge

Coggins found that his detention under 8 U.S.C. § 1231(a) had not grown unconstitutionally prolonged under Zadvydas v. Davis, 533 U.S. 678 (2001). Id. She referred this matter to the undersigned for further proceedings. Id.

On August 25, 2026, the undersigned granted the parties an additional opportunity to provide any further briefing or evidence, and advised that if no further briefing was filed the matter would be deemed submitted. ECF No. 10. After Judge Coggins' August 24, 2026, Minute Order was subsequently returned to the court as undeliverable, the undersigned checked the Immigration and Customs Enforcement Online Detainee Location System and was unable to locate petitioner. The court also took judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited September 8, 2026), which did not reflect any immigration proceedings pending against petitioner.[1] ECF No. 11. The court therefore directed respondents to file a status report regarding petitioner's custody within three days, including whether he has been removed, and if so, when and where. Id.

On September 10, 2026, respondents filed a status report stating that petitioner was removed to Costa Rica on August 18, 2026. ECF No. 12. Respondents also attached petitioner's form I-205 confirming his removal. ECF No. 12-1. On September 14, 2026, the undersigned ordered petitioner to show cause within ten days why this action should not be dismissed as moot based on his removal. ECF No. 13. To date, petitioner has not filed a response.

## II. Legal Standard

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision." Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" Id.

---

[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

III. Analysis

Respondents have provided sufficient evidence of petitioner's removal to Costa Rica on August 18, 2026. ECF No. 12; ECF No. 12-1. Petitioner was provided with an opportunity to submit additional briefing regarding the merits of his habeas petition (ECF No. 10), and subsequently ordered to show cause why his petition should not be dismissed as moot (ECF No. 13). He was also cautioned that no response would be construed as a concession that the case should be dismissed as moot. ECF No. 13. To date, petitioner has not filed any response to either order.

Given that petitioner has been removed, the court finds that no case or controversy exists. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention."). Based on this fact, as well as petitioner's failure to respond to the order to show cause dated September 14, 2026, the undersigned recommends that this action be dismissed as moot.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed as MOOT.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE